UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE MINICHINO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RUBEN GUTIERREZ, et al.,<br><br>　　　　Defendants. | Case No.  25-cv-09544-JCS<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL** |

## I.    INTRODUCTION

Plaintiff Marie Minichino, pro se, applied to proceed in forma pauperis and the Court granted her application. *See* Docket No. 6.  The Court now reviews the sufficiency of Plaintiff's complaint to determine whether it satisfies 28 U.S.C. § 1915(e)(2)(B).  Because the complaint does not appear to plausibly state a claim, Plaintiff is ORDERED TO SHOW CAUSE why the complaint should not be dismissed.  Plaintiff may file either an amended complaint or a response to this order addressing why her complaint is sufficient, no later than **January 7, 2026**.  The Case Management Conference set for **February 4, 2026** is vacated.

## II.   ALLEGATIONS OF THE COMPLAINT[1]

Plaintiff alleges that she is 72 years old and that defendant Ruben Gutierrez stole her collection of foreign bonds and foreign currency, worth five million dollars, and moved them to his residence, in Oakland, California. Dkt. No. 1 at ECF pp. 3, 6. Plaintiff resides in Florida. *Id.* at ECF p. 1.  She has supplied an itemized list of the stolen bonds and currency, including the

---

[1] Because the factual allegations of a plaintiff's complaint are generally taken as true in the context of determining whether the complaint states a claim, this section summarizes Plaintiff's allegations as if true.  Nothing in this order should be construed as resolving any issue of fact that might be disputed at a later stage of the case

1  purchase prices she paid for them, which appear to exceed $75,000 in total. *Id.* at ECF p. 4. She

2  also alleges that the bonds "have matured and there is demand today from buyers." *Id.* at ECF p.

3  6. She names a second defendant, Cyrus Crafft, who is alleged to reside at the same address as

4  Gutierrez, but she alleges no facts as to that defendant.

5        Plaintiff asserts claims under the Elder Justice Act and the Senior Safe Act. *Id.* at ECF p.

6  4. She asserts that there is federal jurisdiction based on both federal question and diversity

7  jurisdiction. *Id.* at ECF p. 2.

## III.   ANALYSIS

### A.   Legal Standards Under 28 U.S.C. § 1915 and Rule 12(b)(6)

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996).

To state a claim for relief, a plaintiff must make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, a claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also Diaz v. Int'l Longshore and Warehouse Union, Local* 13, 474 F.3d 1202, 1205 (9th Cir. 2007). In determining whether a plaintiff fails to state a claim, the court takes "all allegations of material fact in the complaint as true and construe[s] them in the light most favorable to the non-moving party." *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions [and] mere conclusory statements," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (internal quotation marks omitted). The complaint need not contain "detailed factual allegations," but must allege facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 678 (citing

2

*Twombly*, 550 U.S. at 570).

Where the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies in the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute, as recognized in *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc). Further, when it dismisses the complaint of a pro se litigant with leave to amend, "the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). "Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

**B.   Discussion**

Plaintiff has asserted two federal claims in this case: one under the Elder Abuse and Extortion Act (42 U.S.C. § 3058i) and another under the Elder Justice Act of 2009 (42 U.S.C. § 1397j). However, neither of these statutes confers a private right of action. *Wister v. White*, No. 19-CV-05882-WHO, 2019 WL 6841370, at *3 (N.D. Cal. Dec. 16, 2019); *see also Sienze v. Madera Cty. Sheriff's Office*, No. 1:17-CV-00736-AWI-SAB, 2017 WL 2423672, at *7 (E.D. Cal. June 5, 2017) (holding that Congress "did not intend to create a private right of action" under the Elder Abuse and Extortion Act, so plaintiff did not have a federal cause of action for elder abuse); *Drayton-Smith v. Wright*, No. 4:15-CV-1952 (CEJ), 2016 WL 2643357, at *2 (E.D. Mo. May 10, 2016) (holding that the Elder Justice Act of 2009 "do[es] not provide a private cause of action and thus do[es] not provide a basis for federal-question jurisdiction"). Therefore, Plaintiff has not stated any viable claims.[2]

---

[2] The Court finds that Plaintiff has colorably alleged the existence of diversity jurisdiction because she is a resident of Florida while the two defendants reside in California and she has alleged facts that raise a plausible inference that the amount in controversy exceeds $75,000.

## IV. CONCLUSION

For the reasons discussed above, Plaintiff is ORDERED TO SHOW CAUSE why this case should not be dismissed. Plaintiff may respond by filing either an amended complaint that addresses the deficiencies discussed above or a response that addresses why her current complaint is sufficient. Plaintiff's response shall be filed by January 7, 2026. If Plaintiff does not file a response by that date, the case will be reassigned to a United States district judge with a recommendation that it be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Any amended complaint must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaint, any amended complaint may not incorporate claims or allegations of Plaintiff's original complaint by reference, but instead must include all of the facts and claims Plaintiff wishes to present and all of the defendants he wishes to sue.

Plaintiff, who is not represented by counsel, is encouraged to consult with the Federal Pro Bono Project's Legal Help Center. Appointments, which may be conducted in-person or remotely, can be made by calling (415) 782-8982 or emailing federalprobonoproject@sfbar.org. Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation.

**IT IS SO ORDERED.**

Dated: December 16, 2025

JOSEPH C. SPERO
United States Magistrate Judge